United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60970
Summary Calendar
_____

MARTHA LA TORRE; FHARID JHAFAR LADINEZ,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A72 820 849
A72 820 169
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges

PER CURIAM:*

Martha La Torre petitions this court for review of the Board
of Immigration Appeal's (BIA) order affirming the Immigration
Judge's (IJ) decision denying her motion for a continuance;
denying her application for asylum as untimely and,
alternatively, on the merits; and denying her application for
withholding of removal. La Torre argues that the IJ erred by
denying her application for asylum, her application for
withholding of removal, and her motion for a continuance.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The BIA's affirmance of the IJ's denial of asylum relied on the IJ's determination that La Torre's application was untimely. Accordingly, this court lacks jurisdiction to review the denial of asylum. Cf. Zhu v. Ashcroft, 382 U.S. 521, 526 (5th Cir. 2004) (BIA did not indicate whether it was affirming timeliness decision, merits decision, or both). La Torre has not shown that the evidence presented in her case compels the conclusion that the IJ erroneously denied her application for withholding of removal. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Because there is substantial evidence to support the IJ's determination, La Torre is not entitled to relief. See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002).

La Torre requested a continuance on the morning of the hearing due to the fact that one of her witnesses was not present. La Torre was previously granted a continuance based on the lack of availability of the same witness. Rather than issue a subpoena to secure his attendance, La Torre relied on his assertion that he would be present. Given these facts, La Torre has failed to show that the IJ abused his discretion by denying her motion. See Witter v. INS, 113 F.3d 549, 555-56 (5th Cir. 1997). In light of the foregoing, La Torre's petition for review is DENIED.